FILED

PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY

2020 SEP 24 AM 11: 59

| United States District Court | Middle District of Florida |
|---|---|
| Name (under which you were convicted): **Marlon Underwood** | Docket or Case No.: 5:20-cv-467-0c-37PRL |
| Place of Confinement: Martin Correctional Institution, 1150 S. W. Allapattah Road, Indiantown, Florida 34956-4397 | Prisoner No.: U17646 |
| Petitioner (include the name under which you were convicted)<br><br>**MARLON UNDERWOOD**   v. | Respondent (authorized person having custody of petitioner)<br><br>**MARK S. INCH, SECRETARY, FLORIDA DEPARTMENT OF CORR.** |
| The Attorney General of the State of Florida<br>**HONORABLE ASHLEY MOODY** | |

MARTIN CORRECTIONAL INSTITUTION
PROVIDED TO
ON 9/16/2020
FOR MAILING
MAU

## PETITION

1. (a) Name and location of court that entered the judgment of conviction you are challenging: Fifth Judicial Circuit, In And For Lake, County, Florida

   (b) Criminal docket or case number (if you know): 35-2013-CF-000253-AXXX-XX, 35-2013-CF-000254-AXXX-XX, 35-2013-CF-000255-AXXX-XX.

2. (a) Date of the judgment of conviction (if you know): July 25, 2013.

   (b) Date of sentencing: April 28, 2014.

3. Length of sentence: 180 months imposed as a Habitual Felony Offender.

4. In this case, were you convicted on more than one count or of more than one crime? ☒ Yes ☐ No

5. Identify all crimes of which you were convicted and sentenced in this case: Counts One and Two, Sale and Possession within 1000 feet of place of worship and Count Three Sale and Possession within 1000 feet of childcare facility.

6. (a) What was your plea? (Check one)
   ☐ (1) Not guilty      ☒ (3) Nolo contendere (no contest)
   ☐ (2) Guilty          ☐ (4) Insanity plea

   (b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge what did you plead guilty to and what did you plead not guilty to? N/A

   (c) If you went to trial, what kind of trial did you have? (Check one)
   ☐ Jury      ☐ Judge only

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

8. Did you appeal from the judgment of conviction? ☐ Yes ☐ No
   ☐ Yes ☒ No

9. If you did appeal, answer the following:

   (a) Name of court:

   (b) Docket or case number (if you know):

   (c) Result:

   (d) Date of result (if you know):

   (e) Citation to the case (if you know):

   (f) Grounds raised:

   (g) Did you seek further review by a higher state court?   ☐ Yes ☐ No

   If yes, answer the following:

   (1) Name of court:

   (2) Docket or case number (if you know):

   (3) Result:

   (4) Date of result (if you know):

   (5) Citation to the case (if you know):

   (6) Grounds raised:

   (h) Did you file a petition for certiorari in the United States Supreme Court? ☐ Yes ☐ No

   If yes, answer the following:

   (1) Docket or case number (if you know):

   (2) Result:

   (3) Date of result (if you know):

   (4) Citation to the case (if you know):

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court? ☒ Yes ☐ No

11. If your answer to Question 10 was "Yes," give the following information:

    (a) (1) Name of court: Fifth Judicial Circuit, In And For Lake, County, Florida

    (2) Docket or case number (if you know): 35-2013-CF-000253-AXXX-XX, 35-2013-CF-000254-AXXX-XX, 35-2013-CF-000255-AXXX-XX.

2

(3) Date of filing (if you know): May 6, 2014 (Mailbox Rule).

(4) Nature of the proceeding: Motion to Withdraw Plea.

(5) Grounds raised: The State improperly included testimony at the sentencing hearing revealing witness tampering allegations that the State did not pursue.

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ yes   ☒ No

(7) Result: Denied

(8) Date of result (if you know): June 9, 2014.

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court: Fifth Judicial Circuit, In And For Lake, County, Florida

(2) Docket or case number (if you know): 35-2013-CF-000253-AXXX-XX, 35-2013-CF-000254-AXXX-XX, 35-2013-CF-000255-AXXX-XX.

(3) Date of filing (if you know): May 15, 2014 (Mailbox Rule).

(4) Nature of the proceeding: Motion for Mitigation of Sentence.

(5) Grounds raised: Mitigation Factors.

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ yes   ☒ No

(7) Result: Denied.

(8) Date of result (if you know): June 9, 2014.

(c) If you filed any third petition, application, or motion, give the same information:[1]

---

[1] Petitioner filed a fourth petition pursuant to Rule 3.850(b), on May 15, 2017 (Mailbox Rule) raising six (6) grounds for relief, including ineffective assistance of counsel for failing to object to testimony at the sentencing hearing revealing witness tampering allegations that the State did not pursue. On July 28, 2017, Petitioner filed an Amend Rule 3.850 Motion. On June 26, 2018, the trial court denied the Rule 3.850(b) Motion. On July 13, 2018 (Mailbox Rule) Petitioner filed a Notice of Appeal. On January 8, 2019, the Fifth District Court issued its Mandate affirming *per curiam* denial of Petitioner's Rule 3.850(b) Motion under Case No. 5D18-2223. Petitioner filed a fifth petition pursuant to Rule 3.800(a), in the alternative Rule 3.850, in the alternative Writ of Habeas Corpus, on April 24, 2019 (Mailbox Rule) raising one (1) ground for relief, that the trial court relied upon testimony about witness tempering and threats against law enforcement. On October 30, 2019, the trial court denied the Rule 3.800(a) Motion. On November 22, 2019, Petitioner filed a Motion for Rehearing. On December 6, 2019, the trial

(1) Name of court: Fifth Judicial Circuit, In And For Lake, County, Florida

(2) Docket or case number (if you know): 35-2013-CF-000253-AXXX-XX, 35-2013-CF-000254-AXXX-XX, 35-2013-CF-000255-AXXX-XX.

(3) Date of filing (if you know): May 15, 2014 (Mailbox Rule).

(4) Nature of the proceeding: Motion to Correct Illegal Sentence.

(5) Grounds raised: Petitioner argued he was not eligible to be sentenced as a habitual felony offender because violations of section 893.13 cannot be enhanced under the HFO statute.

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ yes   ☒ No

(7) Result: Granted in part/Denied in part.

(8) Date of result (if you know): March 29, 2016.

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition:     ☒ Yes  ☐ No
(2) Second petition:    ☐ Yes  ☒ No
(3) Third petition:     ☒ Yes  ☐ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

There were no ground(s) to appeal.

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than Four grounds. State the facts supporting each ground.

**CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

court denied the Petitioner's Motion for Rehearing. On December 26, 2020 Petitioner filed a Notice of Appeal. On April 3, 2020 the Fifth District Court issued its Mandate affirming *per curiam* denial of Petitioner's Motion under Case No. 5D19-3790.

**GROUND ONE: THE STATE TRIAL COURT ERRED BY DENYING PETITIONER'S MOTION TO WITHDRAW PLEA AFTER SENTENCING.**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

At Petitioner's plea hearing agreed to plea guilty to the three convictions herein. Counsel of Record (Randall Appleton, Assistant Public) asked for two months to prepare for the sentencing hearing to present mitigation factors and Petitioner understood he scored out to 162.9 months State Prison including fines and court costs. The morning of the plea the State filed an Amended Information including the charge of Tampering with a Witness and agreed to withdraw pending Petitioner entering the offered plea. The state trial court accepted the agreement and the State withdraw the Amended Information that was filed that morning. Plea Hearing Tr. 1-13 Petitioner was lead to believe by Mr. Appleton that once the State withdraw the Amended Information the charge of Tampering with a Witness could not be used against him.

The State called Detective Woodley at the sentencing hearing who testified that he had been monitoring Petitioner's phone calls from jail. That Petitioner did contact one of his informant/witness to bargained or attempted to plea not to come to court. That Petitioner through another person made threats to a law enforcement office. Sentencing Hearing Tr. at 12-13.

The trial court before pronouncing sentence informed Petitioner that he--
"considered all of the evidence, the pre-sentence investigation, what you've had to say, together with what the State's had to say and the – the legislature determined what they believe to be the appropriate sentence by score sheet given that there are no other factors involved, then that's the – that's usually the presumptive score on the presumptive sentence that the legislature deems is appropriate for a given case. In your case, however, <u>after listening to Detective Woodley, your case involves something else. It involves threats to law enforcement and attempts to persuade a</u>

5

<u>witness to not testify</u>. Both of those are things that, in my mind, take you out of the guidelines. From the presumptive standpoint, those are simply things that are not appropriate in our society." Sentencing Hearing Tr. at 18. The testimony of Detective Woodley which was relied by the state trial court undermined Petitioner's voluntariness to his plea.

(b) If you did not exhaust your state remedies on Ground One, explain why: N/A

(c) **Direct Appeal of Ground One:**

    (1) If you appealed from the judgment of conviction, did you raise this issue? ☐ Yes ☐ No

    (2) If you did not raise this issue in your direct appeal, explain why: Petitioner chose to file a Motion to Withdraw Plea within 30 days of Sentencing Hearing instead of Notice of Appeal.

(d) **Post-Conviction Proceedings:**

    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?   ☒ Yes ☐ No

    (2) If your answer to Question (d)(1) is "Yes," state:

    Type of motion or petition: Motion to Withdraw Plea.

    Name and location of the court where the motion or petition was filed: Fifth Judicial Circuit, In And For Lake, County, Florida.

    Docket or case number (if you know): 35-2013-CF-000253-AXXX-XX, 35-2013-CF-000254-AXXX-XX, 35-2013-CF-000255-AXXX-XX.

    Date of the court's decision: June 9, 2014.

    Result (attach a copy of the court's opinion or order, if available): Denied.

    (3) Did you receive a hearing on your motion or petition? ☐ Yes ☒ No

    (4) Did you appeal from the denial of your motion or petition? ☒ Yes ☐ No

    (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☒ Yes ☐ No

    (6) If your answer to Question (d)(4) is "Yes," state:

    Name and location of the court where the appeal was filed: Fifth District Court of Appeal.

    Docket or case number (if you know): 5D14-2411.

    Date of the court's decision: February 2, 2016.

    Result (attach a copy of the court's opinion or order, if available): Denied.

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: N/A.

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: N/A.

**GROUND TWO: INEFFECTIVE ASSISTANCE OF COUNSEL FOR FAILING TO OBJECT TO TESTIMONY AT THE SENTENCING HEARING REVEALING WITNESS TAMPERING ALLEGATIONS.**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Petitioner's Counsel of Record (Thomas Carle, Assistant Regional Counsel) was well informed or should have been well informed that at the Petitioner's plea hearing the State filed an Amended Information including the charge of Tampering with a Witness and agreed to withdraw pending Petitioner entering the offered plea. The state trial court accepted the agreement and the State withdraw the Amended Information that was filed that morning. Plea Hearing Tr. 1-13 Petitioner was lead to believe by Mr. Appleton that once the State withdraw the Amended Information the charge of Tampering with a Witness could not be used against him. Mr. Carle stood mute as the State called Detective Woodley at the sentencing hearing who testified that he had been monitoring Petitioner's phone calls from jail. That Petitioner did contact one of his informant/witness to bargained or attempted to plea not to come to court. That Petitioner through another person made threats to a law enforcement office. Sentencing Hearing Tr. at 12-13. Mr. Carle again stood mute when the trial court before pronouncing sentence informed Petitioner that he--

"considered all of the evidence, the pre-sentence investigation, what you've had to say, together with what the State's had to say and the – the legislature determined what they believe to be the appropriate sentence by score sheet given that there are no other factors involved, then that's the – that's usually the presumptive score on the presumptive sentence that the legislature deems is appropriate for a given case. In your case, however, <u>after listening to Detective Woodley, your</u>

case involves something else. It involves threats to law enforcement and attempts to persuade a witness to not testify. Both of those are things that, in my mind, take you out of the guidelines. From the presumptive standpoint, those are simply things that are not appropriate in our society."

Exhibit Sentencing Hearing Tr. at 18. Mr. Carle's, representation at the Sentencing Hearing only amounted to a warm body standing next to Petitioner as a friend of the court and not an advocate for the him while his federal constitutional rights were being violated.

(b) If you did not exhaust your state remedies on Ground Two, explain why: N/A.

(c) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue? ☐ Yes ☒ No

(2) If you did not raise this issue in your direct appeal, explain why: The claim is not normally recognize on direct appeal.

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court? ☒ Yes ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Motion for Post Conviction Relief.

Name and location of the court where the motion or petition was filed: Fifth Judicial Circuit, In And For Lake, County, Florida.

Docket or case number (if you know): 35-2013-CF-000253-AXXX-XX, 35-2013-CF-000254-AXXX-XX, 35-2013-CF-000255-AXXX-XX.

Date of the court's decision: June 26, 2018.

Result (attach a copy of the court's opinion or order, if available): Denied.

(3) Did you receive a hearing on your motion or petition? ☐ Yes ☒ No

(4) Did you appeal from the denial of your motion or petition? ☒ Yes ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☒ Yes ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: Fifth District Court of Appeal.

Docket or case number (if you know): 5D18-2223.

Date of the court's decision: October 2, 2018.

Result (attach a copy of the court's opinion or order, if available): Denied.

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: The claim is not normally recognize on direct appeal.

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two: N/A.

**GROUND THREE:** THE STATE TRIAL COURT DENIED PETITIONER A FAIR SENTENCING HEARING BY RELYING UPON INAPPROPRIATE SENTENCING FACTORS TO DETERMINE THE LENGTH OF HIS SENTENCE.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Petitioner acknowledge that he understood his "sentence is based on a guideline scoresheet and the guideline sentencing range that has been calculated by the State is 162.9 months to Life (HFO)". Plea Hearing Tr. at 6.

The state trial court found Petitioner competent, understood the charges, signed the agreement voluntarily, a factual basis for the plea, accepted the plea and the State withdrew the Amended Information, filed that morning which included a Count of Witness Tampering. Plea Hearing Tr. at 9-13.

At the sentencing hearing Petitioner stipulated to his (HFO) status. Sentencing Hearing Tr. at 5.

The State called Agent Travis Woodley of the Leesburg Police Department to testify to the alleged facts of the withdrawn Witness Tampering charge along with uncharged allegations of threats made towards an officer. Sentencing Hearing Tr. at 9-13.

Petitioner testified as to why he should be sentenced to a downward departure sentence from 13.6 years. Sentencing Hearing Tr. at 14-16.

The State asked for a sentence of 20 years. Sentencing Hearing Tr. at 16.

The state trial court considered all of the evidence, the (PSI), what Petitioner had to say, together with what the State had to say, however, after listening to Detective Woodley as to the Defendant's threats to law enforcement and attempts to persuade a witness not to testify decided

9

<u>to impose 180 months in the Florida Department of Corrections</u>. Sentencing Hearing Tr. at 18-19.

(b) If you did not exhaust your state remedies on Ground Three, explain why?

(c) **Direct Appeal of Ground Three:**

    (1) If you appealed from the judgment of conviction, did you raise this issue? ☐ Yes ☒ No

    (2) If you did not raise this issue in your direct appeal, explain why: Ineffective Assistance of Counsel is not cognizable on direct appeal.

(d) **Post-Conviction Proceedings:**

    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court? ☒ Yes ☐ No

    (2) If your answer to Question (d)(1) is "Yes," state:

    Type of motion or petition: Rule 3.800(a), in the alternative Rule 3.850, in the alternative Writ of Habeas Corpus.

    Name and location of the court where the motion or petition was filed:

    Docket or case number (if you know): 35-2013-CF-000253-AXXX-XX, 35-2013-CF-000254-AXXX-XX, 35-2013-CF-000255-AXXX-XX.

    Date of the court's decision: October 30, 2019.

    Result (attach a copy of the court's opinion or order, if available): Denied.

    (3) Did you receive a hearing on your motion or petition? ☐ Yes ☒ No

    (4) Did you appeal from the denial of your motion or petition? ☒ Yes ☐ No

    (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☒ Yes ☐ No

    (6) If your answer to Question (d)(4) is "Yes," state:

    Name and location of the court where the appeal was filed: Fifth District Court of Appeal.

    Docket or case number (if you know): 5D19-3790.

    Date of the court's decision: April 3, 2020 (date Mandate was issued).

    Result (attach a copy of the court's opinion or order, if available): Denied.

    (7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: N/A.

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three:

**GROUND FOUR:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Four, explain why:

(c) **Direct Appeal of Ground Four:**

    (1) If you appealed from the judgment of conviction, did you raise this issue? ' Yes ' No

    (2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court? ☐ Yes ☐ No

    (2) If your answer to Question (d)(1) is "Yes," state:

    Type of motion or petition:

    Name and location of the court where the motion or petition was filed:

    Docket or case number (if you know):

    Date of the court's decision:

    Result (attach a copy of the court's opinion or order, if available):

    (3) Did you receive a hearing on your motion or petition? ☐ Yes ☐ No

    (4) Did you appeal from the denial of your motion or petition? ☐ Yes ☐ No

    (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☐ Yes ☐ No

    (6) If your answer to Question (d)(4) is "Yes," state:

    Name and location of the court where the appeal was filed:

    Docket or case number (if you know):

    Date of the court's decision:

    Result (attach a copy of the court's opinion or order, if available):

    (7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four:

13. Please answer these additional questions about the petition you are filing:

    (a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction? ☒ Yes ☐ No

    If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them:

    (b) Is there any ground in this petition that has not been presented in some state or federal court? If so, ground or grounds have not been presented, and state your reasons for not presenting them:

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the Conviction that you challenge in this petition? ☐ Yes ☒ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available. In around the year 2011 or 2012, the Petitioner filed through the assistance of an inmate law clerk a § 2254 Petition in this Court that was dismissed as untimely.

15. Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging? ☐ Yes ☒ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the raised.

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: Randall Appleton, APD, 123 N. Sinclair Ave., Tavares, Fl 32778.

(b) At arraignment and plea: Same

(c) At trial: N/A

(d) At sentencing: Thomas Carle, Assistant Regional Counsel, 101 Sunnytown Road, Suite 310, Casselberry, Florida 32707.

(e) On appeal: N/A

(f) In any post-conviction proceeding: Pro se with inmates law clerks assistance.

(g) On appeal from any ruling against you in a post-conviction proceeding: Pro se with inmates law clerks assistance.

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging? ☐ Yes ☒ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future? ☐ Yes ☐ No

18. **TIMELINESS OF PETITION**: If your judgment of conviction became final over one year ago, you must explain the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

12

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief:

1. The State be ordered to provide a substantive response to this Petition;
2. An evidentiary hearing be held thereafter so as to allow Petitioner to orally present his claim;
3. An attorney be provided to represent the movant for the duration of this Petition;
4. See Memorandum of Facts and Law at 12.

_____NA_____
*Signature of Attorney (if any)*

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on this __16__ day of __SEPTEMBER__, 2020.

__9/16/20__
Executed

_____[signature]_____
*Signature of Petitioner*

***If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.***

13

MARLON A. UNDERWOOD # U17646
MARTIN CORRECTIONAL INSTITUTION
1150 S.W. ALLAPATTAH ROAD
INDIANTOWN, FLA 34956

MAU

PROVIDED TO
MARTIN CORRECTIONAL INSTITUTION
ON 9/16/2020 FOR MAILING

THIS MAIL ORIGINATED AT
MARTIN CORRECTIONAL INSTITUTION

CLERK OF COURT
GOLDEN-COLLUM MEMORIAL
FEDERAL BUILDING AND U.S. COURT HOUSE
207 N.W. SECOND STREET SUITE 337
OCALA, FLA 34475

SCREENED
BY USMS

02 1P
0000931723
MAILED FROM ZIP CODE 34956
UNITED STATES POSTAGE
$ 002.40⁰
PITNEY BOWES