UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

MARLON UNDERWOOD,

    Petitioner,

v.                                                        Case No. 5:20-cv-467-RBD-PRL

SECRETARY, DEPARTMENT OF
CORRECTIONS and ATTORNEY
GENERAL, STATE OF FLORIDA,

    Respondents.
_____

**ORDER**

Petitioner seeks a Writ of Habeas Corpus ("Petition," Doc. 1) under 28 U.S.C. § 2254. Respondents filed a Response. ("Response," Doc. 13). Petitioner did not reply, and it is ripe for review.

Petitioner alleges three grounds for relief. However, as discussed hereinafter, the Court finds the Petition is untimely filed.

**I. Procedural History**

The State Attorney's Office for the Fifth Judicial Circuit in and for Lake County, Florida, charged Petitioner by information in three cases. In case number 2013-CF-253, Petitioner was charged with sale of cocaine within 1,000 feet of a place of worship (Count One) and possession of cocaine with the intent to sell

within 1,000 feet of a place of worship (Count Two). (Doc. 14-1 at 10). In case number 2013-CF-254, Petitioner was charged with sale of cocaine within 1,000 feet of a child-care facility (Count One) and possession of cocaine with intent to sell within 1,000 feet of a child-care facility (Count Two). (*Id*. at 12). In case number 2013-CF-255, Petitioner was charged with sale of cocaine within 1,000 feet of a place of worship (Count One) and possession of cocaine with the intent to sell within 1,000 feet of a place of worship (Count Two). (*Id*. at 14). On July 25, 2013, Petitioner entered an open plea of *nolo contendere* to all six counts. (*Id*. at 23). Sentencing was deferred, and on April 28, 2014, he was sentenced to 180 months as a habitual felony offender ("HFO") in all counts, with all sentences running concurrently. (*Id*. at 58–72). On May 6, 2014, Petitioner moved to withdraw his plea. (*Id*. at 74–78). The trial court denied the motion on June 9, 2014. (*Id*. at 80–83). On May 15, 2014, Petitioner moved to mitigate, modify, and/or reduce his sentence. (*Id*. at 85–86). The trial court denied the motion on June 9, 2014. (*Id*. at 88–90). Petitioner appealed, and the Fifth District Court of Appeal ("Fifth DCA") *per curiam* affirmed. (*Id*. at 120); *Underwood v. State*, 185 So. 3d 1257 (Fla. 5th DCA 2016).

On March 18, 2016, Petitioner moved to correct his sentence under Rule 3.800(a) of the Florida Rules of Criminal Procedure. (Doc. 14-1 at 124–33). Petitioner challenged the HFO classification as applied to each of the counts. (*Id*.).

The trial court agreed, in part, finding the HFO status was improper for the possession charges, but was properly applied to the sale charges. (*Id*. at 135–48). The trial court removed the HFO designation on the three possession charges. (*Id*.). Petitioner appealed and the Fifth DCA *per curiam* affirmed. (*Id*. at 150); *Underwood v. State*, 199 So. 3d 285 (Fla. 5th DCA 2016).

On May 15, 2017, Petitioner moved for postconviction relief under Rule 3.850 of the Florida Rules of Criminal Procedure alleging five grounds of ineffective assistance of counsel and one ground of cumulative error. (Doc. 14-1 at 154–74). The trial court dismissed the motion as legally insufficient, with leave to amend within 60 days. (*Id*. at 176–78). On July 31, 2017, Petitioner submitted his amended Rule 3.850 motion. (*Id*. at 180–208). The trial court denied the amended motion. (*Id*. at 275–310). Petitioner appealed and the Fifth DCA *per curiam* affirmed. (*Id*. at 348); *Underwood v. State*, 260 So. 3d 272 (Fla. 5th DCA 2018). Mandate issued January 8, 2019. (*Id*. at 411).

On April 24, 2019, Petitioner filed a successive motion to correct illegal sentence/motion for postconviction relief/petition for writ of habeas corpus. (Doc. 14-1 at 413–61). On October 31, 2019, the trial court denied relief. Petitioner appealed and the Fifth DCA *per curiam* affirmed. (*Id*. at 496). Mandate issued April 3, 2020. (*Id*. at 498).

Petitioner filed his federal habeas petition on September 16, 2020.[1] (Doc. 1).

## II. Timeliness of the Petition

Under 28 U.S.C. § 2244:

(d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

    (A)  the date on which the judgment became final by the consideration of direct review or the expiration of the time for seeking such review;

    (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)  the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

(2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

---

[1] Under the "mailbox rule," a prisoner's filing is deemed filed on the date it was signed and delivered to authorities for mailing. *See Adams v. United States*, 173 F.3d 1339 (11th Cir. 1999).

28 U.S.C. § 2244(d)(1)-(2).

Petitioner's judgment and sentence became final on February 2, 2016, following the Fifth DCA's *per curiam* affirmance of his judgment and sentence. Petitioner then had ninety days, or through May 2, 2016, to petition the Supreme Court for certiorari. *See Chavers v. Sec'y, Fla. Dep't of Corr.*, 468 F.3d 1273, 1275 (11th Cir. 2006) (holding that entry of judgment and not the issuance of a mandate starts the clock running for time to petition the Supreme Court for certiorari). Thus, Petitioner's conviction became final on May 2, 2016. Therefore, under § 2244(d)(1)(A), Petitioner had through May 2, 2017, absent any tolling, to file a federal habeas petition.

Under § 2244(d)(2), the one-year period would be tolled during the pendency of any properly filed state postconviction proceedings. Petitioner's Rule 3.800(a) motion, filed March 18, 2016, tolled the start date of the one-year time period until the mandate issued on September 30, 2016.[2] A total of 227 days of the

---

[2] Generally, a new judgment that results from resentencing restarts the one-year limitation period, *see Ferreira v. Sec'y, Dep't of Corr.*, 494 F.3d 1286, 1292–93 (11th Cir. 2007), however, the trial court did not resentence Petitioner on March 29, 2016, when it removed the HFO status from the possession counts. *See* Doc. 14-1 at 135–36. That order did not authorize Petitioner's confinement, nor did it vacate any of his sentences and replace them with new ones. *See Patterson v. Sec'y, Fla. Dep't of Corr.*, 849 F.3d 1321, 1326–27 (11th Cir. 2017) (en banc) (holding that an order granting habeas petitioner's motion to correct his sentence did not qualify as a new judgment because the state court "never issued a new prison sentence ... to replace" his original sentence or "issue[d] a new judgment authorizing [his] confinement"). Thus, the order correcting Petitioner's sentence to remove the HFO status on the possession counts had no effect on the one-year limitation period.

one-year limitation period elapsed before he filed his Rule 3.850 motion on May 15, 2017. (Doc. 14-1 at 154–74). The limitation period was tolled from May 15, 2017, through January 8, 2019, the date mandate issued on appeal from the denial of the amended Rule 3.850 motion. (Doc. 14-1 at 411). Another 106 days elapsed before Petitioner filed his successive motion on April 24, 2019. (Doc. 14-1 at 413–61). The limitations period was tolled from April 24, 2019, through April 3, 2020, the date mandate issued on appeal from the denial of the successive motion. (Doc. 14-1 at 498). Petitioner had 32 days of the limitations period remaining (365-227-106=32), until May 5, 2020, to file his federal habeas petition. The federal habeas petition, filed on September 16, 2020, is untimely filed.

Equitable tolling is appropriate when a petitioner demonstrates "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The diligence required for equitable tolling is "reasonable diligence, not maximum feasible diligence." *San Martin v. McNeil*, 633 F.3d 1257, 1267(11th Cir. 2011). Furthermore, to demonstrate extraordinary circumstances, a petitioner must "show a causal connection between the alleged extraordinary circumstances and the late filing of the petition." *Id*. (citation omitted). Petitioner does not claim that

6

he is entitled to equitable tolling. Accordingly, the Court will deny the Petition as untimely.

### III. Certificate of Appealability

This Court should grant an application for certificate of appealability only if Petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Lamarca v. Sec'y Dep't of Corr.*, 568 F.3d 929, 934 (11th Cir. 2009). But a prisoner need not show that the appeal will succeed. *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).

Petitioner has not shown that reasonable jurists would find the district court's assessment of the constitutional claims and procedural rulings debatable or wrong. Petitioner has failed to make a substantial showing of the denial of a constitutional right. Thus, the Court will deny Petitioner a certificate of appealability.

### IV. Conclusion

It is **ORDERED** and **ADJUDGED**:

1. The Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED**, and the case is **DISMISSED** with prejudice.

2. Petitioner is **DENIED** a certificate of appealability.

3. The Clerk of Court shall enter judgment and close this case.

**DONE** and **ORDERED** in Orlando, Florida on April 27, 2023.



ROY B. DALTON JR.
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Party